UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAMES HILL, JR. and
AMANDA HILL,

        Case No. 1:06-CV-806

    Plaintiffs,

v.        Hon. Richard Alan Enslen

EDWARD L. SKINNER,
CATHERINE GOOD,
JOSEPH KOZAKIEWICZ,
DANNY SAPP, DOUGLAS J.
 DOK, and NANARUTH
CARPENTER,

        **ORDER TO SHOW CAUSE**

    Defendants.
_____/

      Plaintiffs James Hill, Jr. and Amanda Hill have recently filed suit *in forma pauperis* against two state probate/family court judges, Hon. Nanaruth Carpenter (exercising jurisdiction in the 17th Circuit) and Hon. Edward L. Skinner (exercising jurisdiction in the 8th Circuit). Plaintiffs have also sued Catherine Good, Joseph Kozakiewicz, Danny Sappand Douglas J. Dok (who they have described in their Complaint as state court referees). Plaintiffs' Complaint also generally refers to the "DHS", presumably meaning the Michigan Department of Human Services, which operates Child Protective Services in Michigan. (*See* Compl., attch. 2 at 3-5.)

      Plaintiffs' allegations assert that Defendants "went into . . . a neighbor's home and the hospital, wilfully taking our children without warrants." (*Id.* at 4.) Plaintiffs' allegations also accuse Defendants of conspiring with one another, acting without jurisdiction, relying upon false evidence and hearsay, not allowing them sufficient fair process during court hearings, acting corruptly and

otherwise violating the law. (Compl. at 1-7.) Plaintiffs ask that the Michigan judges and referees be impeached, be criminally charged, convicted and sentenced, be made to recuse themselves, be made to decline jurisdiction, be investigated by Congress, and/or be held liable pursuant to state and federal law. (*Id.*)

Upon review of this Complaint, which appears frivolous and devoid of merit, *see Apple v. Glenn,* 183 F.3d 477, 478 (6th Cir. 1999), the Court determines that Plaintiffs must show cause why this Complaint should not be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) & (h)(3) due to lack of subject matter jurisdiction.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiffs shall show cause in writing within 14 days of this Order why this Complaint should not be dismissed for the following reasons:

(a) the Complaint contains few factual allegations, aside from unsupported legal conclusions strung together with impertinent statutory and regulatory citations, and those allegations, stripped of the legal conclusions, are wholly implausible and do not support liability, *see* Fed. R. Civ. P. 8(a);

(b) the Complaint is against judicial officials and quasi-judicial officers for acts as to which Defendants are protected by judicial immunity, *see Pierson v. Ray,* 386 U.S. 547, 553-54 (1967); *Holloway v. Brush*, 220 F.3d 767, 774 (6th Cir. 2000); *Mireles v. Waco,* 502 U.S. 9, 11 (1991); *Slotnick v. Garfinkle*, 632 F.2d 163, 166 (1st Cir. 1980); *Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981); *Johnson v. Granholm*, 662 F.2d 449, 450 (6th Cir. 1981) *(per curiam)*

(c) Comity and the Eleventh Amendment prohibit federal interference in state court adjudications, or actions against state departments, *see Johns v. Supreme Court of Ohio*, 753 F.3d 524, 526-27 (6th Cir. 1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984);

(d) jurisdiction is barred under the *Rooker-Feldman* doctrine, *see Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman,* 460 U.S. 462 (1983);

(e) jurisdiction is barred under the domestics relations exception, *see Clark v. Portage County, Ohio,* 281 F.3d 602, 605 (6th Cir. 2002); *Ex parte Burrus,* 136 U.S. 586, 593-94 (1890); *cf. Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992);

(f) Plaintiffs lack standing to sue under federal criminal statutes, *see Morganroth & Morganroth v. DeLorean,* 123 F.3d 374, 386 (6th Cir. 1997), or to initiate criminal prosecutions, request impeachment, or request Congressional investigation, *se*e *Diamond v. Charles,* 476 U.S. 54, 64-65 (1986); *Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir.1990); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir.1989); and

(g) Plaintiffs' allegations also do not track with the great majority of statutes they have cited, which for the most part do not even relate to the exercise of judicial decision making in state courts.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>November 17, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |